UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARMONI MASUD JOHNSON,** | : | Civil No. 3:23-CV-534 |
| | : | |
| Plaintiff | : | (Chief Judge Brann) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **DEPUTY MIRARCHI, et al.,** | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

### I.   Statement of Facts and of the Case.

This case comes before the court on a motion to strike filed by the plaintiff, (Doc. 12), a motion which asks this court to strike the brief submitted by the defendants in support of their motion to dismiss this *pro se* prisoner complaint. For the reasons set forth below, we will deny this motion.

### II.   Discussion

### A. Rule 12(f), the Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

Moreover, consistent with this sparing approach urged by the courts with respect to motions to strike, those "pleadings" that may be subject to a motion to strike are construed narrowly. Recognizing that briefs are, by their nature,

argumentative and sometimes contentious filings, it is generally held that a brief–as opposed to other forms of pleadings– typically will not be considered a "pleading" which is properly the subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill.,1993), citing Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., 747 F.Supp. 1299, 1303 (S.D.Ill.1990), and Board of Education v. Admiral Heating and Ventilation, Inc., 94 F.R.D. 300, 304 (N.D.Ill.1982).

In this case, upon consideration of this motion to strike we find that one of the objects of the motion, namely, the defendants' brief, is not the appropriate subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill.,1993). Furthermore, recognizing that "[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted," Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977), we find that it has not been shown that the assertions in this brief are both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). Therefore, in the exercise of our discretion, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will deny this motion to strike.

### III. Conclusion

Accordingly, for the foregoing reasons, the plaintiff's motion to strike (Doc.

12) is DENIED.

    So ordered this 6th day of June 2023.

                                            <u>*S/Martin C. Carlson*</u>
                                            Martin C. Carlson
                                            United States Magistrate Judge